**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| Doris Fontanez, individually | ) | |
| And on behalf of all others similarly situated, | ) | |
| | ) | Case No.: _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Wolverine World Wide, Inc., | ) | (Removed from the Circuit Court for |
| | ) | the Ninth Judicial Circuit for Polk |
| Defendant, | ) | County, Florida, Case No. 2022CA- |
| | ) | 003317) |
| | ) | |
| _____ | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, Defendant Wolverine World Wide, Inc. ("Wolverine"), by and through its counsel of record, hereby gives notice of removal of this action from the State for Florida, Ninth Judicial Circuit in and for Polk County to the United States District Court for the Middle District of Florida.  In support thereof, Wolverine respectfully states as follows:

**I.    THE STATE COURT ACTION**

1.    On September 26, 2022, Plaintiff Doris Fontanez ("Plaintiff") filed this lawsuit against Wolverine in the Ninth Judicial Circuit Court in and for Polk County captioned *Doris Fontanez v. Wolverine World Wide, Inc.,* No 2022CA-003317 ("State Court Action").  A copy of the complaint is attached hereto as **Exhibit 1**.

2.    Pursuant to Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders that have been filed and served in the State Court Action is attached hereto as **Exhibit 2**.

1

3.      Wolverine was served with this complaint on October 17, 2022.  A copy of the Summons is attached hereto as **Exhibit 3**.

4.      This Notice of Removal is therefore timely filed under 28 U.S.C. § 1446(b)(1).

5.      In her Complaint, Plaintiff alleges that Wolverine violated the Florida Telephone Sales Act ("FTSA"), Fla. Stat. § 501.059 by "ma[king] and/or knowingly allow[ing] the telephonic sales calls to be made to Plaintiff and the Class members," "utilizing an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent." (Ex. 1, Compl. ¶¶ 34-38).  The Complaint includes one text message from Wolverine (*Id.* at Ex. A).

6.      The Complaint asserts a single FTSA claim and alleges that as a result of Wolverine's conduct, Plaintiff and Class members "are each entitled to recover damages, costs, and attorney's fees from Defendant."  (*Id.* ¶ 38).  Plaintiff and the Class members are also seeking an injunction against future calls.  (*Id.*)

7.      Plaintiff seeks on behalf of herself and a putative class, various forms of relief including (i) an award of statutory damages; (ii) an order declaring that Wolverine's action's violation the FTSA; and (iii) and injunction "requiring Defendant to cease all telephonic sales calls made without express written consent, and to otherwise protect the interests of the Class. (*See id*. at Prayer for Relief).

## II.    THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

8.      This Court has jurisdiction over Plaintiff's claims pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), which provides that "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of

$5,000,000, exclusive of interests or costs, and is a class action in which – (A) any member of a class or plaintiffs is a citizen of a State different from any defendant….”

9.    First, the State Court Action is a “class action” for purposes of 28 U.S.C. § 1332(d)(2), as Plaintiff brings claims on her own behalf and as a representative of all other similarly situated individuals pursuant to Florida Rule of Civil Procedure § 1.220(b)(2) and (b)(3).  (Ex. 1, Compl. ¶¶ 20-29).

10.    Second, Plaintiff seeks statutory damages for each violation for each violation individually and on behalf of a putative class of persons similarly situated.  (*Id*. ¶ 38, Prayer for Relief).  Plaintiff claims that damages that “may be in the millions of dollars.” (*Id*. ¶ 28).  The Class that Plaintiff seeks to represent consists of “[a]ll persons in the State of Florida who, (1) were sent a telephonic sales call regarding defendant’s good and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff, (3) without “prior express consent” as defined by Fla. Stat. § 501.059(1)(g), (4) on or after July 1, 20221. (*Id*. ¶ 20).

11.    There are more than 10,900 persons with Florida area codes and/or Florida zip codes that were sent text messages by Wolverine regarding its good and/or services after July 1, 2021.  *See* **Exhibit 4** at ¶ 4 **(Declaration of Erin Orndorff).**  Plaintiff’s proposed class surpasses the 100-person requirement of 28 U.S.C. § 1332(d)(5)(B).

12.    Third, there is minimal diversity between members of the proposed class and Defendant, which satisfied the Diversity requirements pursuant to 28 U.S.C. § 1332(d).

13.    Wolverine is a Delaware corporation, and its principal place of business is in Rockford, Michigan? *See* **Exhibit 4** at ¶ 2 **(Declaration of Erin Orndorff)**.  Therefore, Wolverine is a citizen of Delaware and Michigan for the purposes of CAFA removal.  28 U.S.C. § 1332(d)(10).

14.     Plaintiff alleges throughout the Complaint that she "was and is a Florida resident**."**  (Compl. ¶¶ 11, 12).

15.     Plaintiff seeks to represent a class of '[a]ll persons in the State of Florida" and it naturally follows that at least one class member is a Florida citizen.  *See* 28 U.S.C. § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of any civil action in which [the amount in controversy threat is met] and is a class action in which…any member of a class of plaintiffs is a citizen of a State different from any defendant."); 28 U.S.C. § 1332 (d)(1)(D) (defining "class members" as "the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action") (emphasis added); *Cooper v. R.J. Reynolds Tobacco Co*., 586 F. Supp. 2d 1312, 1315 M.D. Fla. 2008) (minimal diversity existed because "by definition all valid plaintiffs are citizens of Florida" and defendant was  a citizen of Virginia); *see also Roe v. Michelin N. Am., Inc*., 613 F.3d 10158, 1062 (11th Cir. 2010) ("[C]ourts may use … common sense in determining whether the case stated in the complaint meets federal jurisdictional requirements.").

16.     Plaintiff, in fact, specifically alleges that "[u]pon information and belief, Defendant caused similar telephonic sales calls to be sent to individuals residing in Florida." (Ex.1, Compl. ¶¶ 15.)  Plaintiff also predicates personal jurisdiction on the contention "Defendant made or caused to be made telephonic sales calls into Florida . . . ." (*Id*. ¶ 10.)

17.     Plaintiff, in fact, goes on to specifically allege that "[u]pon information and belief, Defendant has placed telephonic sales calls to telephone numbers belonging to hundreds of consumers in Florida…"  (*Id*.. ¶ 22).

18.     Because at least one plaintiff and Defendant are citizens of different states, the minimal diversity requirement is satisfied.  28 U.S.C. § 1332(d).

19.     For purposes of assessing the amount in controversy, Plaintiff's allegations are accepted as true. *See, e.g., McDaniel v. Fifth Third Bank*, 568 Fed. Appx. 729, 731 (11th Cir. 2014) ("That a court would, based on the pleadings, find that a claim fails as a matter of law does not factor into the court's jurisdictional analysis.").

20.     There are more than 10,900 persons with Florida area codes and/or Florida zip codes that were sent a text message by Wolverine regarding its goods and/or services after July 1, 2021, using the same equipment that was utilized to send the message Plaintiff alleges she received. *See* **Exhibit 4** at ¶ 4 **(Declaration of Erin Orndorff)**. Plaintiff, by her own allegations, notes that the Class members number is in the "several hundreds, if not more." (Ex. 1, Compl. ¶21). Plaintiff seeks statutory damages ($500.00) for each of the class members. (*Id.*, Prayer for Relief). Plaintiff further alleges Defendant's actions were willful or knowing, for which the FTSA provides the possibility of treble damages. (Compl. ¶37); Fla. Stat. § 501.059.(10)(b). This yields a total amount in controversy for the putative class that exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

## III.     ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

21.     Wolverine was served with the Complaint on October 17, 2022. *See* **Exhibit 3**

22.     This Notice of Removal is therefore timely filed pursuant to 28 U.S.C. § 1446(b)(1).

23.     Pursuant to 28 U.S.C. § 1446(d), Wolverine will file a copy of this Notice of Removal with the Clerk of the State of Florida, Ninth Judicial Circuit. Wolverine will also serve Plaintiff with a copy of this Notice of Removal. A copy of the Notice of Filing Notice of Removal to Federal Court, without attachments, is attached hereto as **Exhibit 5**.

24.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 1.06, copies of all process, pleadings and orders received by Wolverine (other than the summons and Complaint) as well as all document available publicly on the state court docket are attached here to as **<u>Exhibit 6</u>**.  There are no motions pending on removal to this Court within the ambit of Rule 1.06, M.D. Fla. L.R.

25.     Pursuant to 28 U.S.C. § 1446(a), venue for this case is proper in the Middle District of Florida because it is the district court of the United States for the district and division within which the State Court Action is pending.  *See* 28 U.S.C. § 89(c).

26.     Based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 (d) and 1441, and the claims may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

27.     By filing this Notice of Removal to Federal Court, Defendant reserves the right to assert all defenses and waives no defenses.

**WHEREFORE**, Defendant Wolverine World Wide hereby removes this civil action to this Court.

DATED:  November 7, 2022                    Respectfully submitted,

                                            /s/ Tonya Esposito_____
                                            Tonya Esposito, Esq.

                                            Tonya.Esposito@gtlaw.com
                                            Greenberg Traurig, LLP
                                            2101 L Street, NW
                                            Washington, DC 20037
                                            Telephone: 202-331-3111
                                            Facsimile: 202-331-3101
                                            Florida Bar No: 0118369

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing NOTICE OF REMOVAL was served upon all interested parties using this Court's ECF filing system this 7th day of November 2022.

/s/ Tonya Esposito_____

Tonya Esposito, Esq.